UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CIJI STRINGER ET AL** | **CASE NO. 6:23-CV-00415** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ROBIN INSTRUMENT & SPECIALTY LLC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Two motions filed by Defendant Robin Instrument & Specialty, LLC are before the undersigned:

- DEFENDANT ROBIN INSTRUMENT & SPECIALTY, LLC'S MOTION TO DISMISS (Rec. Doc. 4). Plaintiffs Ciji Stringer, individually and as representative of the Estate of Timothy Stringer; Connor Stringer; Loren Stringer; and Jane Belk filed an opposition (Rec. Doc. 10) to which Robin replied (Rec. Doc. 11) and to which Plaintiffs filed a sur-reply (Rec. Doc. 16). This motion contends (1) that the instant case is prescribed and (2) that Jane Belk, decedent Timothy Stringer's mother, has no wrongful death or survival claim. Plaintiffs do not oppose the motion as it relates to Jane Belk's right of action.

- DEFENDANT ROBIN INSTRUMENT & SPECIALTY, LLC'S MOTION TO DISMISS LOUISIANA WORKERS' COMPENSATION CORPORATION'S INTERVENTION COMPLAINT (Rec. Doc. 31). Intervenor Louisiana Workers' Compensation Corporation (LWCC) filed an opposition adopting Plaintiffs' argument as it relates to the prescription issue. (Rec. Doc. 33).

1

The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, it is recommended that Robin's motion seeking dismissal of Plaintiffs' claims (Rec. Doc. 4) be DENIED IN PART and GRANTED IN PART and that Robin's motion seeking dismissal of LWCC's intervention (Rec. Doc. 31) be DENIED.

## I.  Factual Background

This case arises out of the May 15, 2021 death of Timothy Stringer and has a peculiar procedural history. Stringer was working as an employee of Island Operating Company on an offshore platform owned by Fieldwood Energy, LLC. On February 28, 2023, Plaintiffs filed a petition against Robin and Ametek, Inc. in the 15th Judicial District Court, Lafayette Parish, Louisiana. (Rec. Doc. 1-1). The petition alleges that Stringer was performing a pressure integrity test of the 16-inch surface casing on Fieldwood's Well A-27 on its EI 158 No. 14 platform with Fieldwood employee Stacey Landry. (Rec. Doc. 1-1 at ¶ 9). Landry and Stringer were using shut-in tubing high pressure gas from another well on the platform, A-34, to perform the pressure integrity test. *Id*. Stringer was positioned at Well A-27 to monitor pressure being applied from Well A-34 and was using a Crystal XP2i Digital Test Gauge that was manufactured by Ametek and distributed by Robin. *Id*. He verbally relayed the pressure readings to Landry until the 16-inch casing ruptured, causing an explosion of the drive pipe cover plate and fatally injuring him. *Id*. An investigation by Fieldwood determined that the root cause of the accident was

Stringer's reading of pressure on the Crystal Gauge in Bar rather than pounds per square inch (PSI). *Id.* at ¶ 10.  In other words, Stringer—who thought he was reading pressure in PSI rather than Bar when one Bar is equivalent to 14.5038 PSI—was relaying incorrect pressure readings to Landry who continued applying pressure. *Id.* Plaintiffs allege that the Crystal Gauge states that it is rated to 5,000 PSI but has no Bar rating. *Id.* at ¶ 11.  Conversion of the gauge's reading from Bar to PSI required the user to press the "Units" button on the gauge three times, whereas pressing the "Peak" button three times placed the gauge into recording mode. *Id.* Since the gauge was inverted, Plaintiffs allege that Stringer may have pressed the "Units" button instead of the "Peak" button, thereby causing the readings to change from PSI to Bar. *Id.*

Plaintiffs assert a products liability claim against Robin and Ametek based on alleged failures to warn and defective design. *Id.* at ¶ 15.  The petition asserts a wrongful death and survival claim against Robin and Ametek under LA. CIVIL CODE ANN. ARTS. 2315.1 AND 2315.2.  *Id.* at ¶¶ 16-17.

Robin removed the matter to this Court on March 31, 2023 with subject matter jurisdiction arising under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1).  (Rec. Doc. 1).  The Notice of Removal alleges that Fieldwood's platform was located on the Outer Continental Shelf fifty miles due south of Marsh Island, Louisiana.  Shortly after removal, Robin filed the first motion before this Court contending that Plaintiffs' suit is prescribed and that Jane Belk, Timothy Stringer's mother, does not have a wrongful death or survival claim because she is not a lawful

3

beneficiary under Louisiana law. (Rec. Doc. 4). Regarding prescription, Robin contends that Plaintiffs' petition filed on February 28, 2023 was prescribed on its face since the accident occurred on May 15, 2021. (Rec. Doc. 4-1 at 3). The extent of Robin's argument is that the petition is prescribed on its face and that Plaintiffs bear the burden of showing otherwise.

Plaintiffs responded that their suit is timely because a suit they had filed against Fieldwood in state court in Texas interrupted prescription as to Robin and Ametek since Fieldwood is allegedly solidarily or jointly liable with Robin and Ametek. (Rec. Doc. 10 at 6). Robin replied, arguing that Plaintiffs' allegation of solidarity was conclusory and insufficient to establish such a relationship. (Rec. Doc. 11 at 2). In a sur-reply, Plaintiffs contend that they alleged sufficient facts, *i.e.*, that Robin was distributor of the Crystal Gauge, that Robin made modifications to the Crystal Gauge before the accident, and that Fieldwood had suspended use of the Crystal Gauge after the accident until it was reconfigured by Robin to read in PSI only. (Rec. Doc. 16).

Robin also filed a motion contending that LWCC's intervention is prescribed as well. (Rec. Doc. 31). LWCC adopted Plaintiffs' argument as it relates to prescription. (Rec. Doc. 33). Robin did not file a reply memorandum.

## II. Prescription

### A. Applicable Standards

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the district court must limit itself to the content of the pleadings,

4

including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted and quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculation level," and "the pleading must contain something more. . .than. . .a statement that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's failure to provide the grounds for his entitlement to relief requires more than label and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also*

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence on each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). *See also In re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

6

accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

A prescription defense, which is asserted in both pending motions, can be raised in a motion under Rule 12(b)(6). *Washington v. Allstate Ins. Co.*, 901 F/2d 1281, 1283 (5th Cir. 1990) (noting that Rule 12(b)(6) "speaks to the failure to state a claim upon which relief can be granted and encompasses dismissal on the basis of prescription"). When assessing prescription, the Court is mindful that "prescriptive statutes must be strictly construed against prescription and in favor of the obligation sought to be extinguished." *Million v. Cos-Mar Co.*, 2022 WL 317662 at *1 (E.D. La. Feb. 2, 2022) (quoting *Borel v. Young*, 989 So. 2d 42, 64 (La. 2008)).

## B. Analysis

Resolution of the instant motions requires an examination of the original litigation in Texas. As stated above, Stringer was killed in an industrial accident on May 15, 2021, on a Fieldwood platform on the Outer Continental Shelf. On June 2, 2021, two weeks after the accident, Plaintiffs filed suit in state court in Harris County, Texas against Fieldwood. *Ciji Stringer, et al. v. Fieldwood Energy, LLC*, Docket No. 2021-32919, Harris County, Texas. On June 7, 2021, Fieldwood removed the suit to the Southern District of Texas. (Rec. Doc. 1 in Case No. 4:21-CV-01834). The facts section of the state court petition is lean on factual allegations, alleges the date and location of the accident, and states the following:

> Upon information and belief, the incident was caused by unsafe equipment at the wellhead, including the casing, casing valve, and other components of the wellhead assembly. Upon information and belief, Fieldwood failed to adequately inspect, maintain, service, and/or replace

> this equipment which caused the work Mr. Stringer was performing at the time of the incident to be unreasonably and unnecessarily hazardous and ultimately fatal.

(Rec. Doc. 1-1 at ¶ 10 in 21-CV-1834). Plaintiffs asserted a wrongful death claim under the Texas Wrongful Death Act (*Id.* at ¶¶ 11-18) and a survival action (*Id.* at ¶¶ 19-24). Fieldwood removed the case under the Outer Continental Shelf Lands Act. (Rec. Doc. 1 at ¶ 9 in 21-CV-1834).

After removal, Fieldwood filed a Motion for Summary Judgment contending that Stringer was its borrowed employee and, according to Section 905(a) of the Longshore and Harbor Workers' Compensation Act (LHWCA), Plaintiffs' remedies were limited to death benefits under the LHWCA such that Fieldwood was immune from Plaintiffs' tort suit. (Rec. Doc. 22 in 21-CV-1834). Plaintiffs did not file an opposition to this motion. After multiple continuances of the submission date for the motion, the Court entered an "Order of Dismissal on Settlement Announcement" on November 3, 2022, dismissing the suit without prejudice to the parties' right to move for reinstatement within 90 days. (Rec. Doc. 28 in 21-CV-1834).

Seven days later, Plaintiffs filed "Plaintiffs' Unopposed Motion for Reinstatement and for Leave to File Amended Complaint Adding New Party." (Rec. Doc. 29 in 21-CV-1834). Plaintiffs asserted that Fieldwood had conducted an investigation of the accident and determined that the "root cause" was the "operability" of the Crystal Gauge that Stringer was using, *i.e.*, his reading of pressure in Bar rather than PSI. (*Id.* at ¶ 3). They acknowledged their settlement with Fieldwood and sought to reinstate the case so they could amend "to add Ametek

8

as a joint tortfeasor based on its defective design and marketing of the Crystal Gauge." (*Id.* at ¶ 8). The motion was granted and Plaintiffs' First Amended Complaint (Rec. Doc. 31 in 21-CV-1834) was filed. This complaint retained Fieldwood as a defendant—even though Plaintiffs had already settled with Fieldwood—and added Ametek as a defendant.

On February 7, 2023, Ametek responded with a Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction. (Rec. Doc. 37 in 21-CV-1834). Perhaps fearing this motion had merit, Plaintiffs filed the "Original Complaint" in the 15th Judicial District Court three weeks later on February 28, 2023, commencing the instant case, and attached it to their response to Ametek's motion in the Southern District of Texas. (Rec. Doc. 42 in 21-CV-1834). They requested severance of their claims against Ametek and transfer to this Court rather than dismissal. Ametek replied and argued that dismissal rather than transfer was appropriate. (Rec. Doc. 43 in 21-CV-1834). The Texas court agreed, granted Ametek's motion, and denied Plaintiffs' request to transfer to this Court by order dated May 8, 2023. (Rec. Doc. 44 in 21-CV-1834). By that date, Robin had already filed the instant motion in this Court (Rec. Doc. 4), Plaintiffs had filed their opposition (Rec. Doc. 10), and Robin had filed its reply (Rec. Doc. 11).

The nature of the litigation in Texas is relevant to the prescription question now before this Court. Under Louisiana law, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." LA. CIVIL CODE ANN. ART. 3492. Prescription is

9

subject to interruption such as "when the obligee commences action against the obligor in a court of competent jurisdiction and venue." LA. CIVIL CODE. ANN. ART. 3462. Pertinent here, "[w]hen prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." LA. CIVIL CODE. ANN. ART. 3503. *See also* LA. CIVIL CODE ANN. ART. 1799 ("The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."). If Fieldwood and Robin are solidary obligors, Plaintiffs' suit against Fieldwood interrupted prescription, making their later suit against Robin timely.

While the parties do not directly address it, this Court finds that the Texas court had jurisdiction, since interruption requires a suit in a court of competent jurisdiction. LA. CIVIL CODE. ANN. ART. 3462. It appears to this Court that Plaintiffs filed suit against Fieldwood prior to learning the details of the accident given that suit was filed only two weeks after the accident. Also, Plaintiffs asserted a tort claim against Fieldwood. Based on Fieldwood's response to the suit in Texas, Plaintiffs learned that Fieldwood was immune from suit as Stringer's borrowing employer; therefore, Fieldwood's liability was for workers' compensation benefits under the LHWCA. Further investigation—likely by Fieldwood—presumably demonstrated that the cause of the accident was Stringer's incorrect pressure readings. In other words, it appears that Plaintiffs hastily asserted tort claims against an employer immune from suit in tort.

Even though Plaintiffs incorrectly asserted a tort claim against Fieldwood, the Texas court nonetheless had jurisdiction. Fieldwood's immunity from suit based on its obligation under the LHWCA afforded it a preemption defense and not a defense based on subject matter jurisdiction. *See Cade v. Gulf Ceres, Inc.*, 2021 WL 5361079 at *1 (S.D. Tex. Nov. 1, 2021) (noting that "the LHWCA's exclusivity provision presents an issue of preemption, not subject matter jurisdiction."). On the other hand, the Texas court would have lacked jurisdiction if Plaintiffs had asserted a claim for benefits under the LHWCA. *See generally Muhammad v. Norfolk S. Ry. Co.*, 925 F.3d 192, 196 (4th Cir. 2019) ("Of course, had Muhammad filed his claim in the district court *under the LHWCA*, the district court would have been required to dismiss it for lack of subject-matter jurisdiction."); *Voight v. R.L. Eldridge Constr., Inc.*, 422 F. Supp. 2d 742, 748 (E.D. Tex. 2006) ("Rather, [plaintiff] seeks to prosecute an original claim for compensation against his employer under the LHWCA. This court lacks jurisdiction to adjudicate that claim."). Plaintiffs did not assert a claim under the LHWCA in the Texas suit (likely because it had not occurred to them at the time it was filed that Fieldwood was immune), but the Texas court nonetheless had jurisdiction over the tort claims against Fieldwood.[1] For purposes of interruption under LA. CIVIL CODE ANN. ART. 3462, the suit against Fieldwood in Texas was filed in a court of competent jurisdiction and venue.[2]

---

[1] Fieldwood in fact asserted LHWCA exclusivity as an affirmative defense in the Texas suit. (Answer, Rec. Doc. 2 in 21-CV-1834 at p. 7, ¶ 19) ("Plaintiffs' claims against Fieldwood are barred by the exclusive remedy provisions of the [LHWCA]."). Fieldwood sought summary judgment on the ground that Stringer was its borrowed employee. (Rec. Doc. 22 in 21-CV-1834).

[2] The petition filed in state court in Texas alleged that Fieldwood maintained its principal place of business in Houston, Texas. (Rec. Doc. 1-1 at ¶¶ 6, 8 in 21-CV-1834).

11

The next question is whether Fieldwood—as Stringer's employer—and Robin—as a third-party tortfeasor—are solidarily liable. The seminal case on the issue is *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So. 2d 1383 (La. 1983). *Williams* involved a fatal workplace accident involving a crane where the employee's estate filed suit against the employer for worker's compensation benefits and, more than one year after the accident, amended the petition to assert a tort claim against the manufacturer of the crane. Agreeing with the district court's conclusion that prescription had been interrupted upon the filing of the compensation claim, thereby making the third-party tort claim timely, the Supreme Court held that "a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages." 611 So. 2d at 1390. The court reasoned that the employer and crane manufacturer were solidarily liable because each defendant was "obliged to the same thing." *Id.* at 1387 (citation omitted); LA. CIVIL CODE ANN. ART. 1797 ("An obligation may be solidary though it derives from a different source for each obligor.").

Building on its conclusion in *Williams*, the Louisiana Supreme Court revisited the issue in *Glasgow v. PAR Minerals Corp.*, 70 So. 3d 765 (La. 2011). Mitchell Glasgow was directly employed by Therral Story Well Services, which had contract with PAR Minerals to drill a well. After getting injured, Glasgow filed a tort suit against PAR Minerals and effected service within one year of the accident. After learning in discovery that the supervisor Glasgow believed was employed by PAR Minerals was actually employed by Pipe Services, Inc., Glasgow amended his petition

to name Pipe Services as a defendant. When Glasgow added Pipe Services, he had been receiving workers' compensation benefits from his employer, Therral Story Well Services.

PAR Minerals filed a motion for summary judgment alleging that it was Glasgow's statutory employer and therefore immune. The district court granted this motion and dismissed PAR Minerals. Shortly thereafter, Pipe Services filed an exception of prescription and argued that Glasgow's suit against it was untimely since it had been added as a defendant in excess of one year from the accident. The district court agreed and the Louisiana Third Circuit affirmed. The Louisiana Supreme Court "granted certiorari in this case to determine whether a lawsuit against a worker's statutory employer can interrupt prescription against an alleged third-party tortfeasor." 70 So. 3d at 765. Relying on *Williams* and LA. CIVIL CODE ANN. ART. 1797, the Supreme Court answered the question in the affirmative and concluded that the suit against Pipe Services was timely. The Court reaffirmed its conclusion in *Williams* that parties are "solidarily liable to the extent that they share coextensive liability to repair certain elements of the same damage." *Id.* at 772 (quoting Williams, 611 So. 2d at 1389).

Plaintiffs' opposition (Rec. Doc. 10) cited and relied on *Williams* and *Glasgow*. Robin's reply (Rec. Doc. 11) did not cite or address those cases. Under the circumstances of this case, Fieldwood as Stringer's employer and Robin as an alleged third-party tortfeasor are solidarily liable even though their respective liability derives from different sources. *See Cormier v. Clemco Servs. Corp.*, 48 F.3d 179 (5th

13

Cir. 1995) (finding suit against manufacturer of injury-causing "deadman" switch timely and noting that LA. CIVIL CODE ANN. ART 2324 did not govern solidary relationship between manufacturer and insurer paying LHWCA benefits); *Andrews v. Strauss*, 2002 WL 31375610 at *2 (E.D. La. Oct. 18, 2002) ("Under the LHWCA, an employer and a third-party defendant are solidary obligors in the case of a tort occurring in the scope of employment where the third party is at fault."). Solidarity exists between an employer and third-party tortfeasor even when no act or omission on the employer's part may have caused the accident. *Lucero v. Burney Gear Co.*, 764 So. 2d 181, 183 (La. App. 2 Cir. 2000). This Court recommends that Robin's motion be DENIED IN PART as to the prescription defense.

### III. Right of Action of Jane Belk

As to Jane Belk, Robin contends that she has no wrongful death and survival claims because she is not a lawful beneficiary under Louisiana law. Robin cites LA. CIVIL CODE ANN. ARTS. 2315.1 AND 2315.2. The former article pertains to survival actions and the latter article pertains to wrongful death actions, and subsection (A)(2) of both articles provides that a right of action lies for "[t]he surviving father and mother of the deceased, or either of them if he left no spouse or child surviving." Here, Stringer's spouse, Ciji Stringer, and children, Conner Stringer and Loryn Stringer, are named plaintiffs. Plaintiffs concede in their opposition that Jane Belk, as Stringer's mother, is not a lawful beneficiary under Louisiana law. (Rec. Doc. 10 at 10). Therefore, this Court recommends that Robin's motion be GRANTED IN PART as to Jane Belk's right of action and that her claims be DISMISSED.

### IV. Prescription of LWCC's Intervention

Robin also moves to dismiss LWCC's intervention as prescribed for the same reasons it contends that Plaintiffs' claims are prescribed. (Rec. Doc. 31). LWCC argues that the viability of its intervention is predicated upon the timeliness of Plaintiffs' suit and adopts Plaintiffs' argument. Given this Court's finding above that Plaintiffs' suit against Robin is timely, the same conclusion applies as to LWCC's intervention and, as such, Robin's motion should be DENIED.

### V. Conclusion

For the reasons discussed herein, the Court recommends that DEFENDANT ROBIN INSTRUMENT & SPECIALTY, LLC'S MOTION TO DISMISS (Rec. Doc. 4) be DENIED IN PART as to the timeliness of Plaintiffs' suit and GRANTED IN PART as to Jane Belk's right of action and that DEFENDANT ROBIN INSTRUMENT & SPECIALTY, LLC'S MOTION TO DISMISS LOUISIANA WORKERS' COMPENSATION CORPORATION'S INTERVENTION COMPLAINT (Rec. Doc. 31) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers at Lafayette, Louisiana on this 27th day of March, 2024.

_____
David J. Ayo
United States Magistrate Judge